FILED
U.S. DISTRICT COURT
DISTRICT OF VT
11/23/2026

2:26-mc-150

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

In the Matter of: )
)
Case Assignment Plan for the )
District of Vermont )

# GENERAL ORDER NO. 131

**This order amends and supersedes General Order No. 130 dated June 30, 2026.**

## Purpose

The purpose of this case assignment plan is to implement the provisions of 28 U.S.C. § 137 by providing an equitable system for randomly dividing the caseload among the judges, making necessary adjustments to caseload assignments, and providing a basis for monitoring the operation of the case assignment system.

## Administration

The case assignment plan shall be administered by the clerk of court under the supervision of the chief judge. Modification to the case assignment plan may be made by the chief judge with approval by majority vote of the district judges.

## Case Numbers

Each case commenced in or transferred to this district shall be assigned a case number by the clerk upon filing. A separate sequence of case numbers shall be maintained for criminal, civil, magistrate, and miscellaneous cases. Civil case numbers shall be preceded by the letters "CV," criminal cases by the letters "CR" magistrate cases by the letters "MJ," and miscellaneous cases by the letters "MC."

Each case number shall consist of the last two digits of the year in which the case is filed followed by a sequential number for each case. On the first business day of each calendar year, the sequential number will revert to "1."

## Civil Cases

**(a) Case assignment.** Civil cases shall be assigned at random by the clerk by means of an automated system approved by the judges of the court. Such system will be designed to accomplish the following:

(1) Proportionate and random assignment of cases;
(2) An approximate equal distribution of newly filed cases among the active judges of the court and a fixed percentage to the senior judges and magistrate judge as directed by the chief judge and as approved by a majority vote of the district judges. Actions may also be referred to the magistrate judge.
(3) A high level of security so as to reasonably avoid prediction of the results of any case assignment;
(4) A system of credits and debits to adjust for reassignments of cases among and between judges; and
(5) A record of all assignments and reassignments made.

**(b) Judge assignment.** Civil cases will be assigned and distributed among the judges based upon the following percentages:

| | |
|---|---|
| **Chief Judge Christina Reiss** | **39%** |
| **District Judge Mary Kay Lanthier** | **33%** |
| **Senior District Judge Geoffrey W. Crawford** | **15%** |
| **Magistrate Judge Kevin J. Doyle** | **13%** |

**(c) Senior Judge assignment.** A senior status judge may designate a category of cases he or she will no longer accept but may not make this designation as to a specific case or cases.

**(d) Direct assignments to Magistrate Judge.** The clerk's office is directed to assign a percentage of civil cases directly to the Magistrate Judge, excluding bankruptcy appeals, cases filed pursuant to 28 U.S.C. §§ 2254 and 2255 or challenging the conditions of confinement of prisoners, and cases seeking an immediate temporary restraining order. With respect to such assignments, the following shall apply:

(1) Notification of direct assignment will be given by service of the "Notice of Assignment" form. The clerk's office will return to the plaintiff sufficient copies of the form for each party, which the plaintiff must then serve with the complaint. Each party

must execute the form, indicating their consent or objection, and return it to the clerk's office.

(2) Consent to assignment to the magistrate judge is strictly voluntary and no adverse consequences of any kind will occur in response to an objection to an assignment. Return of the executed form to the clerk's office is *mandatory*, however, whether the party chooses to consent or object to the assignment.

(3) If any party objects to the assignment, the case will be reassigned to a district judge and a new case will be directly assigned to the magistrate judge as a replacement.

(4) The magistrate judge will exercise all authority under 28 U.S.C. § 636(b) from the date the case is filed until all executed forms have been returned. Once it is confirmed that all forms have been returned and there are no objections to the assignment, the magistrate judge will exercise all authority pursuant to 28 U.S.C. § 636(c).

**(e) Automatic referrals to Magistrate Judge.** Referral of any case or matter to the magistrate judge is by court order, except actions arising under 28 U.S.C. §§ 2254 and 2255 or challenging the conditions of confinement of prisoners.

**(f) Emergency relief actions.** New civil actions which request the issuance of an order granting emergency relief at the time of filing shall be assigned on rotation to the district judge(s) and may be referred to the magistrate judge if appropriate.

**(g) Reassignment of cases.** Cases may be reassigned between judges when both judges consent to the reassignment or by written order signed by the transferring judge. With the approval of the court, the clerk of court may make other reassignments as are conducive to the equitable division and just, efficient, and economical determination of the business of the court.

**(h) Related cases.** If at the time of filing an action, the Civil Cover Sheet (JS44), indicates that a related action is pending before the court, the clerk shall assign the action to the corresponding judge as noted on the cover sheet. The new action shall be submitted to the assigned judge with the related case files for review. A civil case shall not be deemed related to another civil case merely because the civil case: (a) involves similar legal issues, or (b) involves the same parties.

If the assigned judge determines the new action is not related to the original case(s), the clerk shall be directed to reassign the case. The clerk shall give the transferee judge a credit in the appropriate category for each case so reassigned and will give the transferor judge a debit in the appropriate category for each case reassigned.

**(i) Disqualification.** If a judge is disqualified to hear a case assigned to him/her, the judge will provide the clerk with a disqualification order and the clerk shall reassign the case at random.

## Criminal Cases

**(a) Case assignment.** Criminal cases shall be assigned at random by the clerk by means of an automated system approved by the judges of the court. Such system will be designed to accomplish the following:

(1) Proportionate and random assignment of cases;
(2) An approximate equal distribution of newly filed cases among the active judges of the court and a percentage to the senior judges as directed by the chief judge and as approved by a majority vote of the district judges.
(3) A high level of security so as to reasonably avoid prediction of the results of any case assignment;
(4) A system of credits and debits to adjust for reassignments of cases among and between judges; and
(5) A record of all assignments and reassignments made.

**(b) Judge assignment.** Criminal cases will be assigned and distributed among the judges based upon the following percentages:

| | |
|---|---|
| **Chief Judge Christina Reiss** | **42%** |
| **District Judge Mary Kay Lanthier** | **42%** |
| **Senior District Judge Geoffrey W. Crawford** | **16%** |

**(c) Senior Judge assignment.** A senior status judge may designate a category of cases he or she will no longer accept, but may not make this designation as to a specific case or cases.

**(d) Related cases.** The United States Attorney shall notify the clerk of a related case when filing a new information or indictment. The clerk will then notify the judge of the related filing and assign the case to the appropriate judge. If after reviewing the information or indictment, the judge determines that the case is not related, he/she will notify the clerk and the case will be placed back in the system for random assignment.

## Case Assignment Register and Reports

**(a)** The clerk shall maintain an assignment register in a form approved by the court containing a record of all cases assigned to each of the judges of the court or to any visiting judge.

**(b)** At any time when requested by the court, the clerk shall prepare and distribute to the judges of the court a report showing the number of cases assigned to and pending before each judge and

such other information as the chief judge may direct. The case assignment report will also be provided to the judges on a monthly basis.

**Review of Assignments**

This plan is adopted by the court pursuant to 28 U.S.C. § 137 to provide for the orderly conduct of its business and does not create or confer any right or privilege to any litigant to demand or challenge the assignment of a case.

**SO ORDERED. This plan will go into effect as of December 1, 2026.**

Dated in the District of Vermont, this 20th day of November, 2026.

Christina Reiss, Chief Judge